IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *In re* | § | |
| | § | |
| ,JOHN DANIEL JARVIS | § | CASE NO. 12-38611 |
| | § | (Chapter 7) |
| *Debtor* | § | |

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**HEARING HAS BEEN SET ON THIS MOTION FOR _____.**

**APPLICATION OF PETER E. PRATT, JR.,
SUPERCEDED STATE COURT CUSTODIAN,
FOR ALLOWANCE OF COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES PURSUANT
TO 11 U.S.C. §§ 503(b)(3)(E), 543, FED R. BANKR. P. 6002**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW PETER E. PRATT, JR.** ("Pratt" or "Custodian") and makes this Application for Allowance of Compensation and for Reimbursement of Expenses Incurred ("Application") pursuant to 11 U.S.C. §§ 503(b)(3)(E) and would respectfully show the Court as follows:

1. This case was commenced in this court on November 19, 2012, by the filing of a voluntary petition for relief under chapter 13, title 11 of the United States Code.

2. On July 1, 2011, prior to the commencement of this case, Pratt was appointed as receiver of all of the non-exempt property of Jarvis Entertainment Group, Inc., and John Daniel

Jarvis(hereafter sometimes "Debtor" by an order of the 98th Judicial District Court of Travis County, Texas. The purpose of the appointment of a receiver was to collect a judgment of the State Court in favor of the State of Texas and against Debtor signed on March 10, 2011. A true and correct copy of the State Court's judgment, marked as Exhibit A and the State Court's Order Granting Turnover and Appointing Receiver, marked as Exhibit B are attached hereto. Subsequently the Receiver obtained an order from the State court authorizing the receiver to sell the property which the Trustee is currently attempting to sell. A true and correct copy of the State court's Order Approving the Agreed Application to Sell Real Property and Distribute Sale Proceeds is marked as Exhibit C and attached hereto.

3. Pursuant to 11 U.S.C. § 101(11)(A), Pratt is a "custodian". This pleading is filed by Pratt in compliance with the duties imposed by 11 U.S.C. § 543.

4. Pratt was appointed by the State Court to be the receiver of all of the non-exempt property of the Debtor pursuant to Tex. Civ. Prac. & Rem. Code Ann. 31.002 (b)(3) (Vernon Supp. 2004) for the purpose of obtaining satisfaction of the judgment against Debtor.

5. After obtaining knowledge of the commencement of this case, Custodian made no disbursements from nor took any action in the administration of, property of the Debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody or control of Custodian, except such action as is necessary to preserve such property.

6. This Application is submitted with the understanding that the standards set forth in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), will be used by the Court in assessing the same

7. By this Application, Pratt requests the Court to approve compensation for service as the State Court appointed receiver in the amount of $8,268.60 as set forth herein. This amount was agreed to by the parties to the order of sale and established as a fee of the receiver by the State court. Pratt is normally compensated for his work as a receiver appointed in a turnover order on a commission basis of 25% of proceeds collected by him. Consequently, Pratt does not maintain

hourly records of his activities as a receiver. The fee sought by Pratt is, in his estimation, a reasonable approximation of the time expended in the receivership. The fee, if broken down hourly at Pratt's billing rate of $450.00 per hour, would represent about eighteen (18) hours of time expended. Much more than eighteen hours have been expended trying to effectuate the sale of the property through the receivership. This is a reasonable fee, less than that which Pratt would prove up if a time sheet were recreated based on the file contents, and is based on an agreement of the parties.

**WHEREFORE**, Pratt requests that the Court grant the following relief:

a. Upon notice to creditors of the Debtor and parties in interest that a hearing on this Application be set by the Court;

b. The sum of $8,268.60 be approved as compensation for services rendered as the State Court receiver;

c. The sum of $750.00 be awarded as compensation for the preparation of this Application and related documents; and

d. Other and further relief.

Respectfully submitted,

Jonathan C. Malone
State Bar No. 00796986
1800 Bering Drive, Suite 315
Houston, Texas 77057
(713) 599-1177 Telephone
(713) 599-1178 Faxing Machine

ATTORNEY FOR PETER E. PRATT, JR.
COURT APPOINTED RECEIVER AND
SUPERSEDED STATE COURT
CUSTODIAN

DC   BK11069 PG2407

# ORIGINAL

NO. D-1-GV-10-001123

Filed in The District Court
of Travis County, Texas

MAR 10 2011

At 9:45 P.M.

Amalia Rodriguez-Mendoza, Clerk

| | | |
|---|---|---|
| THE STATE OF TEXAS AND THE TRANSIT AUTHORITY OF HOUSTON, TEXAS | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| JARVIS ENTERTAINMENT GROUP (TEXAS), INC., a Texas Corporation, JOHN JARVIS, a/k/a JOHN DANIEL JARVIS, JR., Individually, and THE JARVIS ADVENTURE, INC., a Texas Corporation | § § § § § § | 98TH JUDICIAL DISTRICT |

## FINAL SUMMARY JUDGMENT

On this day in the above-entitled cause came on to be heard *Plaintiffs' Motion for Summary Judgment and Notice of Intent to Use Specified Discovery as Summary Judgment Proof* filed by the Attorney General of Texas for plaintiffs, the State of Texas and the Transit Authority of Houston, Texas. The defendant, John Jarvis, a/k/a John Daniel Jarvis, Jr., Individually (Jarvis), was duly and timely notified of the date and time of the hearing and did/did not appear through attorney of record at the hearing to present argument. Plaintiffs announced to the court that plaintiffs secured an *Interlocutory Default Judgment* against Jarvis Entertainment Group (Texas) Inc., a Texas Corporation (Jarvis Entertainment), and The Jarvis Adventure, Inc., a Texas Corporation (Jarvis Adventure) on November 10, 2010. The court, therefore, after considering the arguments presented, plaintiffs' Motion for Summary Judgment, the Comptroller's Certificate, Attorney's Fees Affidavit, and all the pleadings on file in this cause, finds that there is no genuine issue as to any material fact, that plaintiffs are entitled to judgment as prayed for and supported by the evidence as a matter of law, and that plaintiffs' Motion for Summary Judgment should be granted and judgment entered. Furthermore, plaintiffs request this Court to incorporate the previously entered Interlocutory Default Judgment herein as if written verbatim and to make it in all things final.

Notice sent: Final / Interlocutory / None
Disp Parties: ALL
Disp code: EVD / CLS 4619
Redact pgs: N/A
Judge ACM  Clerk MC





ORIGINAL



DC  BK11069 PG2408

IT IS THEREFORE ORDERED by the court that the Interlocutory Default Judgment as to defendants Jarvis Entertainment and Jarvis Adventure signed on November 10, 2010 is hereby made final, and that plaintiffs are entitled to recover from defendants, Jarvis Entertainment and Jarvis Adventure, jointly and severally, the respective sums of $19,813.11 and $4,523.33, which amounts reflect the sales tax, penalties, and interest shown in the Comptroller's Certificate attached to *Plaintiffs' Original Petition*, with interest calculated from the date of the Certificate to the date of hearing, together with interest at the statutory rate specified in section 111.010 of the Texas Tax Code on the total amount from the date of this judgment until paid; AND OF THIS AMOUNT, recover from the defendant Jarvis, jointly and severally, 1) the respective sums of $4,863.58 and $778.18, which amounts reflect the sales tax, penalties, and interest shown in the Comptroller's 111.016 certificate attached to *Plaintiffs' Motion for Summary Judgment*, plus interest at the statutory rate specified in section 111.010 of the Texas Tax Code on the total amount from the date of judgment until paid, and 2) the respective sums of $14,982.50 and $2,397.22, which amounts reflect the sales tax, penalties, and interest shown in the Comptroller's 171.255 certificate attached to *Plaintiffs' Motion for Summary Judgment*, plus interest at the statutory rate specified in section 111.010 of the Tax Code on the total amount from the date of judgment until paid.

IT IS FURTHER ORDERED that plaintiff, the State of Texas, recover from defendants, Jarvis Entertainment and Jarvis Adventure, jointly and severally, attorney's fees in the amount of $5,000.00; AND OF THIS AMOUNT recover from defendant, Jarvis, jointly and severally, attorneys fees in the amount of $2,325.00; together with all court costs incurred, for all of which execution and other process necessary to enforce this judgment may issue.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED this the 10th day of March, 2011.

_____
DISTRICT JUDGE PRESIDING

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 6-30-11
04:Sales Tax...
AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____



Page 2

Filed in The District Court
of Travis County, Texas

ER JUL 01 2011

At 9:08 A.M.

Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GV-10-001123

| | | |
|---|---|---|
| STATE OF TEXAS AND THE TRANSIT AUTHORITY OF HOUSTON, TEXAS<br>Plaintiff, | § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| JARVIS ENTERTAINMENT GROUP (TEXAS), INC., a Texas Corporation, JOHN JARVIS, a/k/a JOHN DANIEL JARVIS, JR., Individually, and THE JARVIS ADVENTURE, INC., a Texas Corporation,<br>Defendant. | § § § § § § § § | 98TH JUDICIAL DISTRICT |

## ORDER GRANTING TURNOVER AND APPOINTING RECEIVER

TO THE HONORABLE JUDGE OF THIS COURT:

On the below stated date came on for hearing the Application for Turnover of Plaintiff whereupon, the Court's review of the pleadings on file herein, became of the opinion and finds that Plaintiff holds and is entitled to collect upon a true, final and subsisting judgment against Jarvis Entertainment Group (Texas), Inc., John Jarvis, a/k/a John Daniel Jarvis, Jr. and The Jarvis Adventure, Inc. ("Defendants").

Defendants do not have assets which can be readily attached or levied upon by legal process, and that said assets are not exempt from attachment, execution and every type of seizure for the satisfaction of the judgment.

The Court finds that Plaintiff is entitled to aid from this Court. It is therefore,

ORDERED, ADJUDGED AND DECREED that:

1. Peter E. Pratt, Jr., Attorney at Law, SBN 16239990, 1800 Bering Drive, Suite 315, Houston, Texas 77057, (713) 599-1177, (713) 599-1178 Facsimile, be and is hereby appointed Receiver and vested with the fullest authority under Texas Law to seize all non-exempt property of defendant, that is in the actual or constructive possession or control of Defendants; and to pay the proceeds to Plaintiff to the extent required to satisfy the judgment, which amount includes principal

(B)

ORIGINAL

interest, attorney's fees, court costs, post-judgment interest, post-judgment attorney's fees, court costs, and Receiver fees taxed as court costs. Receiver is specifically authorized by the Court to obtain a writ of possession for any non-exempt real property of Defendants. Receiver is further authorized to intervene in any on going legal actions in which Defendant is a party and pursue or settle Defendants' causes of action on their behalf.

2. Any Constable, Deputy Constable, Sheriff or Deputy Sheriff or any other peace officer with notice of this Order is hereby authorized to accompany Receiver to any location designated by Receiver where Receiver believes assets or documents of Defendants may be located, without necessity of a writ of execution having been issued, and is hereby directed, authorized and Ordered to prevent any person or persons from interfering with Receiver, or any person under the direction of Receiver, from carrying out any surety under this Order or interfering with any property subject to the control of Receiver, or any property subject to this Order.

3. Receiver is hereby authorized to direct any Sheriff or Constable to seize and sell property under a writ of execution. Receiver is authorized to take all actions necessary to order Defendants to satisfy any amount due in this matter. Receiver is further authorized to hire, at his discretion, independent counsel for any purpose receiver deems necessary to aid in collection of the judgment and related costs. All expenses incurred by receiver for independent counsel shall be taxed as costs against Defendants.

4. Receiver is hereby authorized to take all action necessary to gain access to all real property, leased premises, storage facilities, and safety deposit boxes wherein any real and/or personal property of Defendants may be situated including hiring a locksmith to open Defendants' premises.

5. Any person or any agent of any person, with actual notice of this Order is not to interfere with any property in the control of Receiver or subject to this Order, and is further Ordered not to interfere with the Receiver in the carrying out of any duty under this Order.

6.     Receiver is authorized but not required or directed to: (a) disable any property belonging to Defendants or to place the property into storage; (b) insure any property taken into his possession; (c) hire any person, firm or company to change the locks to any premises belonging to Defendants so as to exclude any person from interfering with Receivers custody of the premises; (d) hire any person, firm or company to move any property belonging to Defendants or aid Receiver in taking possession, custody, and control of Defendants' property; (e) collect all accounts receivable of the Defendants; (f) open any mail addressed to the Defendants and addressed to any business owned by the Defendants; (g) redirect the delivery of any mail addressed to the Defendants or any business of the Defendants, so that the mail may come directly to the Receiver; (h) endorse and cash all checks and negotiable instruments payable to the Defendants, except paychecks for current wages; (i) hire a real estate broker to sell any real property and mineral interests belonging to the Defendants; (j) hire any person or company to move and store the property of the Defendants; (k) obtain from any financial institution, bank credit union, savings and loan or title company, credit bureau or any other third party, any financial records belonging to or pertaining to the Defendants; (l) hire any person or company necessary to accomplish any right or power under this order; (m) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of the Defendants may be situated, and to review and obtain copies of all documents related to the same; (n) vote any shares of stock owned by Defendants for any and all purposes consistent with this order; and (o) issue appropriate resolutions for any company in which Defendants are the sole or majority interest owner authorizing Receiver to transfer property owned by said company into the receivership estate so that the properties can be sold in a manner which recognizes their full value in order to satisfy the judgment.

7.     The Receiver is also appointed to Master in Chancery under Rule 171 of the Texas Rules of Civil Procedure and shall have and exercise the fullest and broadest powers under Rule 171, including but not limited to:



  b).   Schedule hearings and direct all parties and witnesses to give testimony at such hearings and to rule on the admissibility of evidence at such hearings; and

  c).   To put witnesses on oath and examine them under oath.

 8.   Defendants shall make a full and complete disclosure to Receiver of all of their non-exempt assets and to neither directly nor indirectly interfere or impede Receiver in his performance of his duties under this Order.

 9. It is further ORDERED that Plaintiff have and recover of and against Defendant a Judgment in the sum of $1,000.00 for additional attorney's fees incurred in the preparation, filing, and processing of this turnover order.

 10. Defendant is hereby ORDERED to turn over to Receiver at Receiver's address stated above, within five (5) days of Defendant's receipt of a copy of this Order, all checks, cash, securities (stocks and bonds), promissory notes, documents of title, credit cards, available lines of credit, personal property purchased since the date of the judgment, real property deeds and contracts owned by or in the name of Defendant and is hereby ORDERED to continue (until the judgment is fully paid) to turn over to Receiver at Receivers address all of said checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts within three (3) days from Defendant's receipt and possession of such property, if, as and when Defendant becomes in receipt and possession of such property.

 11. Defendant is hereby ORDERED to turn over and deliver to Receiver within five (5) days from Defendant's receipt of a copy of this Order, all monthly receipts and a monthly accounting for any company in which Defendant is the sole or majority owner.

 12. It is Ordered that Receiver is Directed and Authorized to pay himself as Receiver's fees, an amount equal to 25% of all proceeds coming into his possession, the possession of Plaintiff, and/or the registry of court; which the Court finds is a fair, reasonable and necessary fee for the Receiver; and to distribute all remaining proceeds to the attorney for the Plaintiff, as Trustee, without

ORDER GRANTING TURNOVER AND APPOINTING RECIEVER



12. It is Ordered that Receiver is Directed and Authorized to pay himself as Receiver's fees, an amount equal to 25% of all proceeds coming into his possession, the possession of Plaintiff, and/or the registry of court; which the Court finds is a fair, reasonable and necessary fee for the Receiver; and to distribute all remaining proceeds to the attorney for the Plaintiff, as Trustee, without the requirement of an order therefore. All costs, including receivers fees, are hereby taxed as court costs against defendant.

13. All fees of Receiver in excess of those already awarded herein shall be taxed as costs owed by Defendants after first applying to the Court for additional Receiver's fees with notice to all parties and an opportunity to be heard.

14. All third parties in possession of assets subject to this order are hereby ordered to turn over such assets within 5 business days of receipt of a copy or facsimile of this order. No additional orders of any type are required of Receiver compel third parties to turnover funds and take necessary actions such as liquidate stocks, bonds and negotiable instruments.

15. Receiver is not require to post bond. The Receiver is Ordered to take the oath of office.

SIGNED this __1__ day of July, 2011.

_____
PRESIDING JUDGE

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _____
AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____

ORDER GRANTING TURNOVER AND APPOINTING RECIEVER



NO. D-1-GV-10-001123

| | | |
|---|---|---|
| STATE OF TEXAS AND THE TRANSIT AUTHORITY OF HOUSTON, TEXAS<br>Plaintiff,<br><br>VS.<br><br>JARVIS ENTERTAINMENT GROUP (TEXAS), INC., a Texas Corporation, JOHN JARVIS, a/k/a JOHN DANIEL JARVIS, JR., Individually, and THE JARVIS ADVENTURE, INC., a Texas Corporation,<br>Defendant. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br>TRAVIS COUNTY, TEXAS<br><br><br><br>98TH JUDICIAL DISTRICT |



## ORDER APPROVING AND CONFIRMING THE AGREED APPLICATION TO SELL REAL PROPERTY AND DISTRIBUTE SALE PROCEEDS

On this date the Court heard the parties' *Agreed Application to Sell Real Property and Distribute Sale Proceeds (Application)*. After considering the Application and the papers herein on file, the Court finds that the *Application* is properly presented before the Court and the interest of justice ought to be granted.

### I.
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following Findings of Fact in support of its Order Approving and Confirming the *Agreed Application to Sell Real Property and Distribute Sale Proceeds*:

1. Plaintiffs hold a judgment (Judgment) against Defendants Jarvis Entertainment Group (Texas), Inc., John Jarvis, a/k/a John Daniel Jarvis, Jr. and The Jarvis Adventure, Inc. The judgment is valid and subsisting.

2. On July 1, 2011, Plaintiffs sought and received a turnover order and appointment of receiver (Turnover Order) relating to Defendants' nonexempt assets. Peter E. Pratt, Jr. was appointed by the Court as Receiver for Defendants pursuant to the Turnover Order, for the purposes of collecting the judgment signed in the above-styled and numbered cause against

Defendant. Receiver has been authorized to seize and sell the nonexempt real property of Defendants to the extent of and in satisfaction of the balance of the judgment s pursuant to the Turnover Order entered earlier in this cause.

3. The current balance of the judgment owed to the State of Texas is $29,105.64, as calculated in the attached worksheet. Plaintiffs have also incurred post-judgment attorney's fees in the amount of $3,968.75. In accordance with Tex. Civ. Prac. & Rem. Code Ann. § 31.002(e) and Tex. Govt. Code Ann. §§ 2107.006 and 402.006, Plaintiffs are entitled to charge, seek, recover, and collect reasonable attorney's fees.

4. After entry of the Turnover Order, Receiver discovered that Defendant John Jarvis owns and controls additional property interests that cannot be readily attached or levied by ordinary legal process, as they constitute interests shares in The Jarvis Adventure Building, LLC.

5. Additionally, Receiver has determined that the Jarvis Adventure Building, LLC owns and controls real property (Real Property) located at 14435 FM 2920 RD #32, Tomball, TX 77375, more fully described as: Being a tract or parcel containing 3.9913 acres (173,863 square feet) of land situated in the J.M. Hooper Survey, Abstract Number 375, Harris County, Texas, being out of that certain called 76,29347 acre tract of record under Harris County Clerk's File Number E440278, said 3.9913 acre tract.

6. Upon further investigation, Receiver has determined that third-parties have interests in the Real Property. Specifically, Investors Note Servicing, Inc. has a $100,000 lien on the Real Property, which originates from a loan made to The Jarvis Adventure Building, LLC. Additionally, Great Central Mortgage Acceptance Company, Ltd. has a $400,000 lien on the Real Property, which also originates from a loan made to The Jarvis Adventure Building, LLC.



7. Upon further investigation, Receiver has determined that Rosette Jarvis has an interest in the Real Property. On November 19, 2009, an Agreed Final Decree of Divorce between John Jarvis and his now ex-wife, Rosette Jarvis, was rendered in Cause No. 07-11-12005-CV the Montgomery County Court at Law Number One (1). Pursuant to the Decree, the Real Property was to have been listed and sold with fifty-five percent (55%) of the net sale proceeds going to Rosette Jarvis and the remaining forty-five percent (45%) going to John Jarvis.

**Based on the foregoing Findings of Fact, it is hereby:**

1. ORDERED that the Application is GRANTED.

2. ORDERED that Receiver is authorized to sell, by private sale or public sale, the Real Property, together with all improvements located on such Real Property to any person or entity, for a listing price of $1,600,000.00 and a minimum cash purchase price of $1,300,000.00, through a contract entered into within one-hundred-twenty (120) days of entry of the order, on such other terms deemed to be reasonable by Receiver in his sole discretion. In the event a binding contract for sale of the Real Property is not in place within one-hundred-twenty (120) days of the entry of this Order, Receiver may place the Real Property with an auctioneer of his choosing for sale no later than sixty (60) days thereafter with a reserve price of $1,300,000 or such other minimum price as the parties hereto shall agree. If the Real Property is not sold and the sale proceeds funded within this 180 day period, Receiver shall place the Real Property with an auctioneer of his choosing for sale within the following thirty-day period with no reserve price.

3. ORDERED that Receiver is authorized to distribute the sales proceeds as follows: (a) Receiver's expenses and costs, and Receiver's fee in the amount of $8,268.60; (b) the amount of $116,774.74 paid to Investors Note Serving, Inc., plus per diem interest in the amount of $49.32 per day after April 20, 2012; (c) the amount of $459,005.76 through April 20, 2012, paid to Great Central Mortgage Acceptance Company, Ltd., plus per



diem interest in the amount of $197.26 per day after April 20, 2012; plus five percent (5%) of the gross purchase price paid to Investors Note Servicing, Inc., and Great Central Mortgage Acceptance Company, Ltd, on a pro rata bases (20% to Investors Note Servicing, Inc. and 80% Great Central Mortgage Acceptance Company, Ltd). as consideration for extending these loans and allowing the borrower time to sell the Real Property in accordance with this Application; (d) Rosette Jarvis' attorney's fees in the amount of $4,000.00, paid to Robert A. Kouts; (e) the amount of $33,074.39 paid to Plaintiffs, which includes the balance of the Judgment plus post-judgment attorney's fees and costs, plus post-judgment interest in the amount of $6.31 per day after June 30, 2012; (f) after deducting the payments to Receiver, Investor Note Serving, Inc., Great Central Mortgage Acceptance Company, Ltd and Plaintiffs, the balance of the proceeds will be distributed to Rosette Jarvis, her attorney Robert A. Kouts, and to John Jarvis in accordance with a written agreement signed by Mr. and Ms. Jarvis and Mr. Kouts, or in accordance with an Order of this Court.

4.  ORDERED that Receiver is authorized to abandon all financial records and personal effects of John Jarvis which exist on the Real Property back to John Jarvis upon sale of the Real Property and distribution of the sale proceeds.

SIGNED this the _15_ day of June, 2012

_____
PRESIDING JUDGE

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _12-15-12_

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re* § <br> § <br> ,JOHN DANIEL JARVIS § <br> § <br> *Debtor* § <br> § | CASE NO. 12-38611 <br> (Chapter 7) |

ORDER ALLOWING PETER E. PRATT, JR.
COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED
PURSUANT TO 11 U.S.C. § 503(b)(3)(E)

**AT HOUSTON, TEXAS** in said district there came on to be heard the Application of Peter E. Pratt, Jr. as superceded state court custodian, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses ("Application"). This court has jurisdiction of this proceeding under the provisions of 28 U.S.C. §§ 157, 1334. The proceeding involving the Application is a "core proceeding" within the meaning of 28 U.S.C. §157(b).

The Application was timely filed and the parties specified by Rule 9013 of the Local Rules of this court required to be served with notice of the Application received adequate notice of the filing of the Application and the hearing on such Application.

Peter E. Pratt, Jr. served as a receiver with respect to the Debtor's non-exempt property prior to the commencement of this case. The value of such services is $8,268.60. In addition, Peter E. Pratt, Jr., incurred costs and expenses in connection with the performance of such duties in the amount of $8,268.60. It is accordingly therefore;

**ORDERED** that Peter E. Pratt, Jr. is hereby awarded the sum of $8,268.60 as compensation for services rendered as receiver and as reimbursement for costs and expenses incurred on behalf of the Debtor during such period. It is further;

**ORDERED** that the compensation and expense reimbursement awarded pursuant to this order shall be an allowed administrative claim which shall be paid by trustee, or any successor, from funds of the estate.

**DONE** at Houston, Texas in said district on this _____ day of _____, 2013

_____
UNITED STATES BANKRUPTCY JUDGE